UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOBBI JO DOCKINS,

    Plaintiff,

v.

DONN W. PROKOPIUS, *et al*.,

    Defendants.

Case No. 2:11-CV-00907-KJD-CWH

**ORDER**

Before the Court is the Motion for Summary Judgment (#31) filed by Defendants American Family Financial Services, Inc. and American Family Mutual Insurance Company. Plaintiff Bobbi Jo Dockins has filed an opposition (#33) and Defendants have filed a reply (#35).

I. Background

Plaintiff carried an underinsured motorist policy ("UIM") issued by Defendants. On March 9, 2004, Plaintiff was involved in an automobile accident with Lynn Allen Jackson. Jackson allegedly

rear-ended Plaintiff and she suffered serious injuries which required spinal surgery. Plaintiff asserts that her medical bills exceed $158,116.

Jackson was insured under a policy with limits of $100,000. In September, 2005, Plaintiff sued Jackson in Clark County District Court (Case No. A500457) (the "State Court Action"). On May 12, 2008, the district court dismissed Plaintiff's complaint. The district court had repeatedly warned Plaintiff's counsel to comply with procedural rules and had given Plaintiff's counsel opportunity to comply with the rules. However, Plaintiff's counsel failed to comply and the court dismissed the case. Plaintiff filed a motion for relief from judgment which the court denied.

Plaintiff filed an appeal with the Nevada Supreme Court. The Nevada Supreme Court affirmed and held that the district court was acting within its discretion when it sanctioned counsel by dismissing his client's complaint. According to Plaintiff, she settled with her attorney's malpractice insurer for "very close to the amount of Mr. Lynn's policy limits of $100,000."

At some point[1], Plaintiff made a demand under the UIM policy. Plaintiff claims that Defendants failed to make a reasonable offer. Plaintiff then initiated this suit seeking to recover for tortious breach of contract/bad faith, and breach of the implied covenant of good faith and fair dealing, and seeking punitive damages.

II. Discussion

    A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute

---

[1] The Court notes that neither party complied with Local Rule 56-1, which requires a concise statement of undisputed material facts. As the subject matter of this case makes clear, compliance with Court rules is essential.

for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a genuine dispute for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary judgment motions can only be defeated by admissible evidence.  In re: Oracle Corporation Securities Litigation, 627 F.3d 376, 385 (9th Cir. 2010).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."  Nilsson v. City of Mesa,  503 F.3d  947,  952  n. 2 (9th Cir.  2010) (citation  omitted).  An affidavit that contradicts the plaintiff's own deposition testimony is not sufficient to defeat summary judgment.  Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir. 2002).  Furthermore, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007)

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

B.  UIM Coverage

Insurers in Nevada are required to offer uninsured and underinsured vehicle coverage to their insureds.  NRS 687B.145(2).  Additionally, state law requires that insurers include uninsured and underinsured motorist coverage on each policy issued for motor vehicle coverage, unless it is specifically rejected in writing.  NRS 690B.020(1).  Under both these provisions, UIM coverage is invoked when the insured is "legally entitled to recover" from the owner or operator of the other vehicle.

C.  Legal Entitlement

"An insured may institute a bad faith[2] action against his or her insurer once the insured establishes 'legal entitlement' to an uninsured or underinsured motorist policy and unreasonable conduct by the insurer concerning its obligations to the insureds." Drennan v. Maryland Cas. Co., 366 F.Supp.2d 1002, 1005 -1006 (D.Nev. 2005) (Pemberton v. Farmers Ins. Exch., 109 Nev. 789, 858 P.2d 380, 384 (1993)). An insured has shown "legal entitlement" when the insured "is able to establish fault on the part of the uninsured motorist and the extent of the insured's damages." Id. "An insured is not required to obtain a judgment against the tortfeasor before he is entitled to receive proceeds under a UIM policy." Id. Nevada law has not outlined a specific standard for determining whether an insured has established fault on the part of the underinsured motorist, or the extent of the insured's damages.  Drennan, 366 F.Supp.2d 1002, 1006 (finding that establishment as a matter of law is not necessary).

Plaintiff asserts that she "has established legal entitlement" and that the only remaining issue for the Court is a fact issue of damages.  However Plaintiff does not explain how she has established legal entitlement, other than to speculate that the malpractice insurance carrier for the attorney in the underlying case would not have settled if she was not entitled to recover.  Defendants argue that

---

[2] Nevada law recognizes an implied covenant of good faith and fair dealing in every contract.  An insurer fails to act in good faith when it refuses to compensate the insured for a covered loss. Pemberton v. Farmers Ins. Exch., 109 Nev. 789, 858 P.2d 380, 384 (1993) This breach of the good faith and fair dealing covenant constitutes bad faith when the relationship of the parties is that of insurer and insured. Id.  Accordingly, Plaintiff's claims are duplicative.

4

Plaintiff cannot establish legal entitlement because the issue has been adjudicated on the merits in the State Court Action and claim preclusion prevents it from being raised in federal court.

Accordingly, the question before the Court is whether Plaintiff can show that she is "legally entitled" to recover by establishing fault on the part of Jackson, when the State Court Action was dismissed under NRCP 41(b). This question has not been addressed by Nevada courts, so the Court predicts how the Nevada Supreme Court would decide this issue. Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir.2004).

D. Claim Preclusion

In Nevada, a claim is precluded by res judicata when three elements are met: (1) the parties or their privies are the same as in a prior suit (2) in which a valid final judgment was rendered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. Five Star Capital Corp. v. Ruby, 124 Nev. 1048 (Nev. 2008). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir.1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Privity for purposes of claim preclusion only requires the party against whom claim preclusion is asserted to have been a party in the prior case. Williams v. State Indus. Ins. System, 672 F.Supp. 459, 462 (D.Nev.1987) ("the only question is whether the plaintiff was a party or privity of a party in the prior case"). Here, there is no dispute that Plaintiff was a party in the prior case against Jackson.

Under Nevada law, two cases involve the same claim for claim preclusion purposes when the same evidence supports the present and former causes of action. Round Hill Gen. Improv. Dist. v. B–Neva, Inc., 96 Nev. 181, 606 P.2d 176, 178 (1980). Evidence of Jackson's fault and the extent of Plaintiff's damages was at issue in the State Court Action, and would form the core support for the instant bad faith claim against Defendants.

5

Nevada Rule of Civil Procedure 41(b) states:

> (b) Involuntary Dismissal: Effect Thereof.  For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In <u>Ruby</u>, the Nevada Supreme Court held that claim preclusion "is the recognized result in cases involving dismissal for failure to comply with court orders" as provided in NRCP 41(b).[3] 124 Nev. at 1057; see also <u>Taylor v. Merscorp, Inc.</u>, 2012 WL 4361026, 4 (D.Nev. 2012) (claim brought in federal court was precluded where state court claim was dismissed for failure to respond to motion to dismiss).  Accordingly, the district court's dismissal constitutes a valid final judgment for purposes of claim preclusion.

Allowing Plaintiff's claim to proceed would present a real possibility of an inconsistent judgment which would undermine reliance on adjudication.  Additionally, judicial economy would not be served by allowing parties to litigate fault from a single accident in separate proceedings. Accordingly, the Court predicts that the Nevada Supreme Court would hold that Plaintiff cannot establish fault on the part of Jackson because claim preclusion bars the claims that were dismissed on the merits in the underlying State Court Action.[4]  Because Plaintiff cannot show fault, she cannot establish "legal entitlement" for purposes of NRS 687B.145(2) and NRS 690B.020(1) and cannot

---

[3] <u>Ruby</u>, references the United States Supreme Court's holding in <u>Semtek International, Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497 (2001).  In that case, the Court addressed dismissals under the similarly worded Federal Rule of Civil Procedure 41(b). The Court held that the term "adjudication on the merits" only barred diversity suits brought in the same federal district court.  However, the Court noted that the claim preclusive effect of this type of dismissal "is governed by a federal rule that in turn incorporates [the state's] law of claim preclusion . . ." <u>Id.</u> at 509.  In <u>Ruby</u>, the precluded claim was raised in the same court as the original claim. However, nothing in <u>Ruby</u> suggests that Nevada's law of claim preclusion allows a plaintiff to bring claim in federal court which would be precluded in state court.

[4] The Court notes that the Nevada Supreme Court upheld the district court's dismissal and denial of a motion for relief from judgment.  Had the Court been concerned about the effect of the dismissal on Plaintiff's ability to establish legal entitlement for her UIM claim, it could have overturned the district court.

recover for tortious breach of contract/bad faith, and breach of the implied covenant of good faith and fair dealing.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#31) is **GRANTED**.

DATED this 20th day of December 2012.

_____
Kent J. Dawson
United States District Judge